# UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### NEWPORT NEWS DIVISION

In re:

**LAKEA ELAINE STEWART,**  Case No. 05-53576-DHA

Debtor.  Chapter 7

---

### MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the trustee's Objection to Debtor's Claim of Exemptions; Motion to Compel Filing of Tax Returns; Motion for Turnover. The trustee objects to the debtor's claimed homestead exemption on the basis that it was not filed timely. The trustee also asks the Court to order the debtor to promptly file her 2005 federal and state tax returns and turnover to the estate any portion of her 2005 tax refunds that were earned pre-petition as those monies are not exempt due to the untimely filing of the homestead deed.

This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. After taking the matter under advisement, we make the following Findings of Fact and Conclusions of Law.

## I. FINDINGS OF FACT

On October 14, 2005, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On her Schedule C the debtor properly exempted her 2004 federal and state tax refunds in the amounts of $2,794.00 and $172.00, respectively.

On November 22, 2005, the debtor's § 341 meeting convened and was adjourned to January 11, 2006.

On November 28, 2005, the debtor delivered an Amended Homestead Deed to the Circuit Court in Newport News for recording.[1] The deed is stamped "DEED NO ___, RECORDED, 05 NOV 28, PM 4:39, REX A. DAVIS, CLERK, BY ___, D.C.," however, this stamp is marked through and a second stamp appears stating "DEED NO 18251, RECORDED, 05 NOV 29 AM 11:03, REX A. DAVIS, CLERK, BY ___, D.C." Neither stamp is signed. This amended homestead deed removed the exemption of the debtor's 2004 federal and state tax refunds and exempts, instead, her 2005 federal and state tax refunds in the amounts of $1,863.00 and $115.00, respectively.[2]

On December 27, 2005, the trustee requested that the Clerk of the Bankruptcy Court send an asset notice to all creditors in the case.

On January 9, 2006, debtor's attorney received a letter from Gretchen Condon, a deputy clerk in the Office of the Clerk of the Circuit Court in Newport News that stated that because the Amended Homestead Deed had been delivered after the recording cut off time of 4:30 P.M. on

---

[1] No date is given for the recording of the original Homestead Deed; however, the trustee acknowledges that that deed was properly filed.
[2] These amounts are taken from the debtor's Amended Schedule C, in which they are listed as "prorated," and the Amended Homestead Deed, which were attached as Exhibit A to the trustee's Objection to Exemption. To date the debtor has not filed the Amended Schedule C with the Court.

the afternoon of Monday, November 28, 2005 it was not recorded until the morning of Tuesday, November 29, 2005. Ms. Condon further states in her letter that she stamped the document on November 28, 2006 merely to show that it was delivered after 4:30 P.M.

On January 11, 2006, the adjourned meeting of creditors was held and concluded.

On February 9, 2006, the trustee filed the instant motion.

## II. CONCLUSIONS OF LAW

11 U.S.C. § 522 authorizes a debtor to exempt certain property from becoming the bankruptcy estate, however § 522(b)(2)(A)[3] allows states to opt out of the federal exemption scheme and utilize their own exemptions. 11 U.S.C. § 522(b)(2)(A) (2004). Virginia took advantage of this opt-out provision by enacting Virginia Code § 34-3.1, therefore Virginia substantive and procedural law applies to the issues in this case. *In re Redmon*, 31 B.R. 756 (Bankr. E.D. Va. 1983).

### A. The Virginia Homestead Exemption

The Virginia homestead exemption has an extremely long history, but has served one major purpose since its inception, to protect debtors and their families from homelessness and destitution during bankruptcy. *In re Smith*, 22 B.R. 866, 867 (Bankr. E.D. Va. 1982); *In re Snellings*, 10 B.R. 949, 951 (Bankr. W.D. Va. 1981); *Goldburg Co., Inc. v. P.W. Salyer, Trading as Electrical Appliance Co., Inc.*, 188 Va. 573, 577 (1948); *Linkenhoker's Heirs v. Detrick*, 81 Va. 44, 56-57 (1885); *Hartorff v. Wellford*, 68 Va. 356, 361 (1876).

---

[3] This citation refers to the Code as it existed when this case was filed on October 14, 2005. The applicable provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 522(b)(3)(A), while signed in to law in April 2005, was not effective until October 17, 2005.

3

The history of the homestead exemption in Virginia dates back to the Virginia Constitution, itself. Article XI, § 1 of the 1867 Virginia Constitution first conferred the right on a debtor to exempt his home or money due to him from being used to satisfy his debts. Va. Const. Art. XI, §1 (1867). In pertinent part, the constitution stated:

> Every householder or head of a family shall be entitled, in addition to the articles now exempt from levy or distress from rent, to hold exempt from levy, seizure, garnisheeing, or sale under any execution, order, or other process, issued on any demand for any debt heretofore or hereafter contracted, his real and personal property, or either, including money and debts due him, whether heretofore or hereafter acquired or contracted, to the value of not exceeding two thousand dollars, to be selected by him: provided that such exemption shall not extend to any execution, order, or other process issued on any demand in the following cases:
>
>    1st. For the purchase price of said property, or any part thereof
>    2d. For service rendered by a laboring person or a mechanic.
>    3d. For liabilities incurred by any public officer, or officer of a court, or any fiduciary, or any attorney-at-law, for money collected.
>    4th. For a lawful claim for any taxes, levies, or assessments accruing after the first day of June, eighteen hundred and sixty-six.
>    5th. For rent hereafter accruing.
>    6th. For the legal or taxable fees of any public officer, or officers of a court, hereafter accruing.

*Id.* While this right was self-executing, evidenced by the fact that it was not necessary for the general assembly to do anything to confer it, the constitution did call for the legislature to designate how the exemption would be set aside. *Id.* at § 5.

Later the legislature did enact the exemption right and dictated how it was to be set aside. The first enactment of the homestead exemption was in 1867. Act of April 29, 1867, Ch. 139, 1866-67, Va. Acts. The Act read:

> Be it enacted by the general assembly, That every householder or head of a family shall be entitled to hold exempt from levy, seizure or sale, under any order, execution, judgment, decree or other process rendered or issued by any court, judge or justice of the peace, a homestead, not exceeding one hundred and sixty acres of land, including the buildings thereon, and not exceeding the value of twelve hundred dollars.

*Id.* at § 1. In 1870, the homestead exemption was amended to read:

> Be it enacted by the general assembly of Virginia, That every householder or head of a family shall, as provided for by the constitution, be entitled, in addition to the articles exempt from levy or distress for rent by statute on the day the present constitution of Virginia went into effect, to hold exempt from levy, seizure, garnisheeing, or sale, under any execution, order, or other process, issued on any demand for any debt heretofore or hereafter contracted, his real and personal property, or either including money and debts due him, whether heretofore or hereafter acquired or contracted, to the value of not exceeding two thousand dollars, to be selected by him; provided, that such exemption shall not extend to any execution, order or other process, issued on any demand, in the following cases: first, for the purchase price of said property, or any part thereof; second, for services rendered by a laboring person or a mechanic; third, for liabilities incurred by any public officer, or officer of a court, or any fiduciary, or any attorney at law, for money collected; fourth, for a lawful claim for any taxes, levies, or assessments accruing after the first day of June, one thousand eight hundred and sixty-six; fifth, for rent hereafter accruing; sixth, for the legal or taxable fees of any public officer, or officers of a court, hereafter accruing.

Act of June 27, 1870, Ch. 157 § 1, 1869-70 Va. Acts 198. The exemption was later codified in 1873 using language identical to the 1870 Act. Va. Code Ch. 183, § 1 (1873). In each instance,

5

a debtor was required to file a duly recorded deed in the land records of the county where the property was situated in order to claim the exemption. Act of April 29, 1867, Ch. 139 at § 2, Act of June 27, 1870, Ch. 157 at § 4, Va. Code Ch. 183 at § 4.

The Virginia general assembly has modified the exemption over the years in order to be relevant to debtors of the day. Sometimes these modifications made bolder statements, such as the inclusion of women in the definition of the term "householder," see *Snellings*, 10 B.R. at 952-53, and others dealt with more benign issues, such as the amount of the exemption, which itself has been amended several times. In 1975, the amount of the exemption was increased from $2,000 to $3,500, Va. Code § 34-4 (1975), and in 1977, the amount was increased again from $3,500 to the current amount of $5,000. Va. Code § 34-4 (1977). In 1990, the statute was amended again, to allow debtors an additional $500.00 exemption for each dependant of the debtor living in the household. Va. Code § 34-4 (1990). The amount of the exemption has remained unchanged since that time.[4]

At issue in this case is the time by which the exemption must be claimed by the debtor. In the earlier versions of the exemption, there was no clear deadline as to when the exemption must have been claimed. In 1887, the code was amended to clarify that the exemption must be set apart "before the same is subjected by sale or otherwise under judgment, decree, order, execution, or other legal process. Va. Code § 3642 (1887). In 1944, another amendment required a debtor to set aside the exemption on or before the day the bankruptcy petition was filed, or else lose it. Va. Code § 6543 (1944). It was not until the amendment of 1985, that the

---

[4] In 2005, a bill was proposed in the Virginia's House of Representatives to increase the exemption amount from $5,000 to $10,000, and the amount per dependant from $500.00 to $1,000.00, but the bill did not pass. H.B. 039, 2006 Gen. Assem., Reg. Sess. (Va. 2006).

deadline for filing the homestead deed was tied to the meeting of creditors required by 11 U.S.C. § 341. Va. Code § 34-17 (1985). That amendment required that, in order to preserve the exemption the homestead deed must be filed within five days of **the date initially set for the § 341 meeting**. That restriction remained until 2005, when the pertinent wording of the statute was changed to read:

> To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy or (ii) against whom an involuntary petition in bankruptcy is filed shall set such real or personal property apart on or before the fifth day **after the date of the meeting held** pursuant to 11 U.S.C. § 341, but not thereafter. A householder who converts a case from Chapters 11, 12, or 13 to Chapter 7 shall set such real or personal property apart on or before the fifth day **after the date of the meeting held** pursuant to 11 U.S.C. § 341 in the Chapter 7 case, but not thereafter.

Va. Code § 34-17 (2005) (emphasis added).

### B. The Effect of the 2005 Change to § 34-17

When interpreting statutory language, or in this case changes thereto, the analysis must begin with that statute's plain language. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989), *Banco Inverlat v. www.inverlat.com*, 112 F. Supp. 2d 521, 523 (E.D. Va. 2000). If the plain language is unambiguous and clear, then no further analysis is necessary, rather just the enforcement of the statute. *Ron Pair*, 489 U.S. at 241 (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). If the language is ambiguous, however, then "it is necessary to ascertain the purpose of the statutory language and assign to the phrase the meaning most consistent with that purpose." *Banco Inverlat*, 12 F. Supp. 2d at 523. To ascertain the purpose of a statute the Court can look to "its text, its legislative history, prior interpretations, related statutes, and the underlying congressional purpose and public policy considerations." *United States v. Jackson*,

759 F.2d 342, 344 (4th Cir. 1985). Further, "dictionary definitions of statutory words that express commonly accepted meaning deserve some weight in the interpretive process." *Id.*

In the instant case, the pre-2005 revision statute required debtors to file their homestead deed within five days from the initial date set for the § 341 meeting, regardless of when the meeting actually took place. Often, this Court has had to inform unsuspecting debtors, whose § 341 meetings had been rescheduled, that they lost their homestead exemption because they did not file their deed within five days from the initial date, but rather counted from the date that the meeting actually took place. The revised statute appears to address this very issue by starting the clock on the day the § 341 meeting is actually held, not initially scheduled.

This new language, however, has presented another problem in the one confronted here: what is the meaning of "held?" The trustee argues that "held" means the first time the meeting is convened, rather than any adjourned date when the meeting concludes; and that in this case the debtor must have recorded her homestead deed within five days from the first convened meeting or else loses the exemption in her 2005 tax refunds. The Court is not convinced. There is room for argument over the meaning of the word "held" in this context and, therefore, we must look beyond the words of the statute to ascertain its meaning.

When writing this provision, the drafters could have included the words "initially held" or "convened" and there would be no room for interpretation. The drafters also could have chosen the word "concluded," which again would have left no room for doubt as to their intention. For reasons known only to them, however, the drafters chose to use only the word "held." Therefore, this Court must decipher their intent and determine the meaning of "held."

The word "held" is defined as the past tense of "hold," which has a multitude of meanings, but the ones most applicable here are "to assemble for and carry on an activity" or "to conduct." *Webster's Ninth New Collegiate Dictionary* 575 (1989). These definitions are difficult to apply in the instant circumstance. Here, the § 341 meeting was initially held on November 22, 2005, and then adjourned to January 11, 2006. Did this adjournment terminate the holding of the meeting of creditors? The word "adjourn" means "to suspend a session to another time or place or indefinitely," *Webster's Ninth New Collegiate Dictionary* 56, and "suspend" means "to defer to a later time on specified conditions [or] to hold in an undetermined or undecided state awaiting further information." *Webster's Ninth New Collegiate Dictionary* 1189. Given these definitions, it seems possible that an adjourned meeting can be construed as "held" until such time that it is concluded.

While there is no legislative history for the 2005 modification to § 34-17, the long-standing purpose of the homestead exemption can not be overlooked. The purpose of this statute, as stated above, is to prevent debtors and their dependants from losing their homes and being left penniless during bankruptcy. Additionally, there is a "long-standing mandate to construe liberally the Virginia homestead statutes." *In re Trammel*, 63 B.R. 878, 885 (Bankr. E.D. Va. 1986); *see also In re Smith*, 22 B.R. 866 (Bankr. E.D. Va. 1982); *Dickens v. Snellings*, 10 B.R. 949 (Bankr. W.D. Va. 1981); *In re Perry*, 6 B.R. 263 (Bankr. W.D. Va. 1980); *In re Williams*, 3 B.R. 244 (Bankr. E.D. Va. 1980); *Oppenheim v. Myers*, 99 Va. 582 (Va. 1901); *Wilkinson v. Merrill*, 87 Va. 513 (Va. 1891). The exemption is given great deference in Virginia and has been allowed in spite of some unlikely and even unsavory circumstances. *Dominion Bank v. Nuckolls*, 780 F.2d 408 (4th Cir. 1985)(holding that the debtors, who claimed the

9

homestead exemption after signing a waiver, were entitled to take the exemption), *In re Hayes*, 119 B.R. 86 (E.D. Va. 1990)(holding that a debtor's fraudulent conduct did not waive his right to claim the homestead exemption), *Smith*, 22 B.R. 866 (holding that an incarcerated debtor was allowed to claim the homestead exemption), *In re Callender*, 20 B.R. 448 (E.D. Va. 1982)(holding that the debtor was entitled to the homestead exemption even though he did not claim it until after the property had been levied, but before it was sold), *Edgewood Distilling Co. v. Rosser's Adm'r.*, 116 Va. 624 (1914)(holding that deceased debtor's infant children were able to claim their father's homestead exemption even though their mother had moved them out of the Commonwealth of Virginia because they had no control over their move).

Taking all these things together, and placing the most emphasis on the liberal construction Virginia homestead deeds have traditionally been granted, the Court finds that the § 341 meeting is "held" until it is concluded and that the homestead deed must be filed within five days from that date. In this case, the meeting of creditors concluded on January 11, 2006. Counting five days from that date, the homestead deed would have had to have been filed no later than Monday, January 16, 2006. Of course, the deed was recorded much earlier than this, on November 29, 2005. Therefore, according to the statute the deed was timely filed and the debtor is entitled to her exemption. The debtor, however, must file her 2005 taxes immediately and provide copies of those returns to the trustee for his inspection.

### III. CONCLUSION

We have determined that the following resolution of the issues presented is appropriate under the facts of this case and the law as applied to those facts:

1. The effect of the change to the language in Va. Code § 34-17 effective July 1, 2005, is interpreted to mean that in order to for a debtor to claim the homestead exemption under current Virginia law, that debtor must file the homestead deed within 5 days of the conclusion of the § 341 meeting.

2. The debtor timely filed her homestead deed and is entitled to the exemption.

3. The trustee's Objection to Debtor's Claim of Exemptions is **OVERRULED**, his Motion to Compel Filing of Tax Returns is **GRANTED**, and his Motion for Turnover is **DENIED**.

**IT IS SO ORDERED.**

Norfolk, Virginia

April 6, 2006

/s/ David H. Adams
DAVID H. ADAMS
United States Bankruptcy Judge

Copies to:
David R. Ruby, Trustee
Barbara Evans-Yosief

NOTICE OF JUDGMENT OR ORDER
Entered on docket APR - 6 2006

11